UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

GARGANUS MOORE,

    Plaintiff,

    v.　　　　　　　　　　　　　　　　　CAUSE NO.: 3:18-CV-1023-PPS-MGG

S. FRAZIER, et al.,

    Defendants.

OPINION AND ORDER

Garganus Moore, a prisoner without a lawyer, filed a complaint. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the complaint, Moore alleges that Frazier and Atkins acted as his supervisors for his job in the kitchen at the Westville Correctional Facility. Starting around November 2018, Frazier and Atkins began harassing Moore by referring to him as lazy and ignorant and by accusing him of stealing food. Moore is on a kosher diet and Frazer and Atkins accused him of eating additional food that was not on the kosher tray. On November 20, 2018, Moore initiated the grievance process against Frazier and Atkins

for targeted harassment. On November 22, Frazier accused Moore of lying in his informal grievance and said, "Now I am going to get you." (ECF 2 at 5.) Twenty minutes later, Captain Rippe ordered Moore to return to the dorm instead of allowing him to work at the kitchen. On November 26, Barney Turnipseed rated Moore's job performance as below average and recommended Moore's termination from the kitchen job, citing constant conflict with the kitchen staff. Captain Rippe and Turnipseed consulted with Frazier prior to taking steps to terminate Moore's employment. For his claims, Moore seeks money damages.

Moore asserts an Equal Protection claim against the Defendants, alleging that Frazier and Atkins harassed him about his kosher diet but that they did not harass other inmate-workers who were on a kosher diet. The due process clause of the Fourteenth Amendment prohibits states from depriving citizens of equal protection of the laws. To establish a prima facie case of discrimination under the equal protection clause, a plaintiff must allege he was: (1) "a member of a protected class"; (2) "otherwise similarly situated to members of the unprotected class"; and (3) "treated differently from members of the unprotected class." *Brown v. Budz*, 398 F.3d 904, 916 (7th Cir. 2005). Absent membership in a protected class, "a plaintiff may still state a viable claim under the equal protection clause based on a 'class of one' theory by pleading that he was treated differently from other prisoners without any rational basis." *McClinton v. Dep't of Corrections*, No. 17-cv-472-wmc, 2018 WL 6179430, at *2 (W.D. Wis. Nov. 27, 2018). In this case, Moore does attach affidavits from other workers in the kitchen who

state that Moore was treated differently than other workers because he was accused of being lazy, stealing, and eating food not from his kosher tray. (ECF 2-1.)

Because Moore does not suggest that Frazier and Atkins targeted him due to his membership in a suspect class, rational basis review applies. *See Flynn v. Thatcher*, 819 F.3d 990, 991 (7th Cir. 2016). "Prison classifications are presumed to be rational and will be upheld if any justification for them can be conceived." *Id.* To uphold governmental conduct under rational basis review, the court "need only find a reasonably conceivable state of facts that could provide a rational basis for the classification." *Indiana Petroleum Marketers & Convenience Store Ass'n v. Cook*, 808 F.3d 318, 322 (7th Cir. 2015) (quotation omitted). Although Frazier and Atkins may have a rational explanation for treating Moore differently, at this stage of the proceedings, Moore may proceed on an Equal Protection claim against them.

Moore also asserts a First Amendment claim against the Defendants, alleging that he was terminated from his kitchen job in retaliation for filing a grievance against Frazier and Atkins. "To prevail on his First Amendment retaliation claim, [a plaintiff] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotation omitted). Moore alleges a plausible claim of First Amendment retaliation against Frazier, Captain Rippe, and Turnipseed. While Atkins may have harassed

Moore at his job, the complaint does not suggest that she retaliated against him for filing a grievance or was otherwise involved with his termination.

For these reasons, the court:

(1) GRANTS Garganus Moore leave to proceed on an Equal Protection claim for money damages against S. Frazier and Atkins for harassing him in November 2018 and treating him differently than other inmate-workers who also received kosher diets;

(2) GRANTS Garganus Moore leave to proceed on a First Amendment claim for money damages against S. Frazier, Captain Rippe, and Barney Turnipseed for terminating his kitchen job in retaliation for filing a grievance;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process on S. Frazier, Atkins, Captain Rippe, and Barney Turnipseed at the Indiana Department of Correction with a copy of this order and the complaint (ECF 2) as required by 28 U.S.C. § 1915(d); and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), S. Frazier, Atkins, Captain Rippe, and Barney Turnipseed to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Garganus Moore has been granted leave to proceed in this screening order.

ENTERED: March 7, 2019.

 /s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICTCOURT